IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FIRST GUARD INSURANCE COMPANY §<br>      *Plaintiff,* §<br> §<br>v. §<br> §<br>MICHAEL WAYNE FLESHER & EVONIK §<br>ACTIVE OXYGENS, LLC F/K/A §<br>PEROXYCHEM, LLC §<br>      *Defendants.* § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff First Guard Insurance Company ("First Guard") files this Original Complaint against Defendant Evonik Active Oxygens, LLC f/k/a, LLC ( "Evonik") and in support thereof shows the Court the following:

**I.**

**PARTIES**

1.      First Guard is organized under the laws of Arizona with its principal place of business in Florida.

2.      Michael Wayne Flesher ("Flesher") is an individual resident of Arkansas. He may be served at 5718 Tyro Rd., Hackett, AR 72937 or wherever he may be found. Summons is requested.

3.      Evonik is a Delaware limited liability company with its principal place of business in Pennsylvania. Evonik may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever Evonik may be found. Summons is requested.

II.

## VENUE AND JURISDICTION

4. This Court has jurisdiction over the parties because there is complete diversity of citizenship, and the amount in controversy excluding interest exceeds $75,000, as provided in 28 U.S. Code § 1332. Venue is proper because the motor vehicle accident at issue occurred in Lubbock County, Texas.

III.

## FACTS

5. This is a subrogation case. First Guard issued a Trucker Physical Damage Policy bearing number FGPDTX000006-4 ("Policy") to Jax Transport, LLC ("Jax"). Among other vehicles, Jax's 2020 Volvo tractor ("Tractor") and its 2014 Wabash National trailer ("Trailer") were scheduled as a covered vehicle under the Policy (collectively "Tractor-Trailer").

6. Jax made a claim under the Policy for the accident in question involving the Tractor-Trailer, which occurred on March 19, 2022 at 9:24 am outside of Lubbock at the intersection of US 84 and FM 853. William McLaughlin ("McLaughlin") was driving for Jax. Another 18-wheeler owned or leased by Evonik and driven by Flesher entered the intersection on FM 853 to turn left (east) on US 84. Flesher paused to allow an east bound vehicle on US 84 to clear the intersection, leaving the west bound lanes of US 84 blocked. McLaughlin did not have time to stop to avoid hitting the Evonik trailer, and his attempt to go around it was unsuccessful. Thus, the Jax Tractor caught the left rear of the Evonik trailer causing the Jax Tractor-Trailer to swerve across the US 84 median, slam into the guard rail, and fall over on its right side.

7. The accident is depicted in the police diagram below.



Per the police report, Flesher, the driver of the Evonik 18-wheeler, "fail[ed] to yield right – stop intersection." Immediately following the collision, Flesher came to McLaughlin to render aid and profusely apologized for causing the accident.

8. First Guard paid out $147,224.22 (less a $2,500.00 deductible) for repairs made to the Tractor-Trailer and associated costs under the Policy for the benefit of Jax. As such, First Guard has a right under the Policy to recover from responsible parties. Here the responsible third party is Evonik, and First Guard stands in Jax's shoes for the purpose of pursuing Evonik. Specifically, the Policy provides:

> 3. OUR RIGHT TO RECOVER FROM OTHERS
>
> If we pay you for a loss that was not your fault we have the right to collect against the responsible party, and or their insurer, for the amount we paid. You transfer to us any rights you have to collect against the responsible party, and or their insurer, for anything we paid.

First Guard sent a demand letter to Evonik for $147,224.22 with supporting documentation, which is attached as Exhibit 1 and incorporated here as if fully set forth.

## IV.

## NEGLIGENCE - FLESHER

9. Plaintiff incorporates the facts pled above as if fully set forth here.

10. Flesher had a duty to exercise ordinary care in the operation of its vehicle.

11. Flesher breached that duty by failing to keep a proper look out, maintain attention, maintain an assured clear distance, yield the right of way, and maneuver the vehicle to avoid collision.

12. By failing to exercise such ordinary care, Flesher breached his duty and was the actual and proximate cause of Plaintiff's damages.

13. Plaintiff seeks damages in the amount of $147,224.22.

## V.

## RESPONDEAT SUPERIOR - EVONIK

14. Plaintiff incorporates the facts pled above as if fully set forth here.

15. Evonik employed and/or controlled Flesher, who was in the course and scope of his employment for Evonik at the time of the accident in question. Therefore, Evonik is responsible for Flesher's negligence in proximately causing the accident and resulting damages.

## VI.

## NEGLIGENT ENTRUSTMENT - EVONIK

16. Plaintiff incorporates the facts pled above as if fully set forth here.

17. Evonik was the owner or lessee of the vehicle driven by Flesher the time of the accident in question. Evonik entrusted the vehicle to Flesher, who was an incompetent and/or reckless driver. Evonik knew or should have known Flesher was incompetent and/or reckless

driver yet negligently entrusted its vehicle to him proximately causing the accident and resulting damages.

## VII.

## NEGLIGENT HIRING, TRAINING, SUPERVISING, AND RETAING - EVONIK

18. Plaintiff incorporates the facts pled above as if fully set forth here.

19. Evonik negligently hired, trained, supervised, and retained Flesher. Such conduct proximately caused the accident in question and resulting damages.

## VIII.

## REQUEST FOR RELIEF

Plaintiff requests that:

    a. Defendants be cited to appear and answer;
    b. Plaintiff be granted judgment for actual damages in the amount of $147,224.22 (less a $2,500.00 deductible);
    c. Plaintiff be granted judgment for prejudgment and post-judgment interest at the highest legal rate allowed by law;
    d. Plaintiff be granted judgment for all costs of court; and
    e. Plaintiff be granted any other relief to which Plaintiff may be entitled

Respectfully submitted;

COX P.L.L.C



**CLINTON V. COX, IV**
State Bar No. 24040738
ccox@coxpllc.com
8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
(214) 444-7050
(469) 340-1884 fax

**MARJORIE C. NICOL**
Texas Statate Bar No. 00784684
mnicol@coxpllc.com
2200 Post Oak, Suite 1550
Houston, Texas 77056
(713) 504-9078

**ATTORNEYS FOR FIRST GUARD NATIONAL INSURANCE**